**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILE
RICHARD W. NAGEL
ERK OF C....

2017 JUN 27  PH 5: 05

SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.

**BERND D. APPLEBY,**
**JAMES A. OLDING,**
**LAWRENCE E. QUINN, JR.,**
**JASON T. JOYCE,**

**Defendants.**

CASE NO. _____

JUDGE

2 : 17 cr  138

Judge Graham

**INFORMATION**

18 U.S.C. § 2
18 U.S.C. § 1343
18 U.S.C. § 1349
FORFEITURE

**THE UNITED STATES ATTORNEY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Bill of Information:

1.    From in or about June 1997 through in or about May 2017, TERiX Computer Company, Inc. ("TERiX"), was a third-party company that sold hardware and provided maintenance and support for various original equipment manufacturers including, but not limited to, Sun Microsystems, Inc. ("SUN") and Oracle Corporation ("ORACLE").

2.    TERiX was incorporated in California on or about June 4, 1997. TERiX's principal place of business was in Sunnyvale, California. TERiX had substantial operations in Dublin, Ohio, which is located within the Southern District of Ohio.

3.    Defendant **BERND D. APPLEBY ("APPLEBY")** resided in San Jose, California and Saratoga, California and served as the Chief Executive Officer of TERiX from in or about June 1997 through in or about May 2017. Defendant **APPLEBY** was one of two co-owners of

1

TERiX and owned 70% of TERiX and all affiliated entities and subsidiaries of TERiX. Defendant **APPLEBY** was listed as the Chief Executive Officer, Chief Financial Officer, and Director on the corporate filings in California for TERiX.

4.     Defendant **JAMES A. OLDING ("OLDING")** resided in Dublin, Ohio and was one of two co-owners who owned 30% of TERiX and all affiliated entities and subsidiaries of TERiX from in or about 1997 through in or about May 2017. From in or about December 1999 through November 2005, Defendant **OLDING**'s title at TERiX was Vice President of Sales. From in or about November 2005 through of about May 2017, Defendant **OLDING**'s title at TERiX has been Chief Operating Officer. Defendant **OLDING** was listed as the Secretary on the corporate filings in California for TERiX.

5.     Defendant **LAWRENCE E. QUINN, JR. ("QUINN")** resided in Hilliard, Ohio and served as the Director of Sales of TERiX from in or about November 2005 through in or about 2011. From in or about 2011 through in or about May 2017, Defendant **QUINN**'s title at TERiX has been Executive Vice President. In each of these two capacities, Defendant **QUINN** was responsible for TERiX's sales functions.

6.     Defendant **JASON T. JOYCE ("JOYCE")** resided in Dublin, Ohio and served as a system support engineer of TERiX from in or about November 2004 through in or about June 2009. From in or about June 2009 through in or about April 2013, Defendant **JOYCE**'s title at TERiX was Technical Services Manager/Software Support Manager. From in or about April 2013 through in or about May 2017, Defendant **JOYCE**'s title at TERiX has been Director of Technical Services. In all of these capacities, Defendant **JOYCE** was responsible for TERiX's service delivery functions including, but not limited to, delivery of patches on SUN's and ORACLE's products to TERiX's customers.

2

7.      West Coast Computer Exchange, Inc. ("WEX"), located in Carson City, Nevada and Rancho Cordova, California, was a wholly owned subsidiary of TERiX.  WEX was incorporated in Nevada on or about June 13, 2007.  Defendant **APPLEBY** was listed as the President, Treasurer, and Director on the corporate filings in Nevada for WEX.  Defendant **OLDING** was listed as the Secretary on the corporate filings in Nevada for WEX.  WEX was legally merged into TERiX on or about April 8, 2015.

8.      Sevanna Financial Inc. ("SEVANNA"), a company located in Saratoga, California, was an affiliate of TERiX.  SEVANNA was incorporated in Nevada on or about January 10, 2006. Defendant **APPLEBY** was listed as the President, Treasurer, Secretary, and Director on the corporate filings in Nevada for SEVANNA.  On or about March 30, 2006, SEVANNA listed its registered agent as Defendant **APPLEBY** using his home address in Saratoga, California.

9.      Summit Technology ("SUMMIT"), a fictional entity created by Defendant **APPLEBY** and Defendant **JOYCE** for the purposes set forth below, was effectively an affiliate of TERiX.

10.     SUN merged with ORACLE effective on or about January 27, 2010 with ORACLE being the surviving legal entity.  Conduct associated with Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** that occurred prior to that date was related to SUN.  Conduct associated with Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** that occurred on or after that date was related to ORACLE.

## COUNT 1
### (18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud)

1.      Paragraphs 1–10 of the Introductory Allegations of this Information are re-alleged and incorporated here.

2.     From in or about May 2005, and continuing thereafter until in about January 2014, in the Southern District of Ohio and elsewhere, Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** knowingly and intentionally conspired and agreed, together and with other persons, both known and unknown, to commit wire fraud; that is, to devise and intend to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, promises, and material omissions, and for the purpose of executing the scheme, using wire communications in interstate commerce, in violation of 18 U.S.C. § 1343.

### Object of the Conspiracy

3.     The primary purpose of the conspiracy was for the Defendants to fraudulently obtain SUN/ORACLE intellectual property worth millions of dollars, then use that intellectual property in support of unwitting third-party customers that entered into service business relationships with TERiX to TERiX's financial benefit and the personal benefit of the Defendants. Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** provided that intellectual property directly to those third-party customers and indirectly to them as the product of internal research conducted by Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** using the intellectual property fraudulently obtained from SUN/ORACLE.

### Manner and Means of the Conspiracy

4.     It was part of the conspiracy that Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** accomplished the object of the conspiracy by using anonymized, TERiX-specific credentials, specifically, by utilizing TERiX's subsidiaries, affiliates, and fictitious entities WEX, SEVANNA, and SUMMIT, to access SUN/ORACLE's online websites and download software patches without being detected by SUN/ORACLE.

5.      It was further part of the conspiracy that Defendants **APPLEBY**, **OLDING**, **QUINN**, and **JOYCE** agreed to enter each of those TERiX-related entities into a service contract with SUN/ORACLE using the following methods, all utilized to access SUN/ORACLE's intellectual property without being detected by SUN/ORACLE:

5.1.    False names and addresses for the purpose of entering into contracts with SUN/ORACLE and gaining credentials to use to download intellectual property;

5.2.    Pre-paid cellular phones for telephonic conversations with SUN/ORACLE employees;

5.3.    Misattributable internet connections for downloading intellectual property from SUN/ORACLE;

5.4.    Misattributable email addresses for email correspondence with SUN/ORACLE employees; and

5.5.    Serial numbers for equpiment that was no longer being used or had never been used for the purpose represented by WEX, SEVANNA, SUMMIT to SUN/ORACLE.

6.      It was further part of the conspiracy that WEX, SEVANNA, and SUMMIT credentials were used to fraudulently download intellectual property from SUN/ORACLE approximately 16 (WEX), 258 (SEVANNA), and 2,430 (SUMMIT) times, respectively, between on or about December 9, 2010 and on or about March 20, 2014.

7.      It was further part of the conspiracy that in addition to using the credentials for downloading intellectual property from SUN/ORACLE, the pre-paid cellular phones described above and respective aliases associated with such credentials were used to make service calls to SUN/ORACLE's engineers in support of TERiX's third-party customers, between in or about July

2011 and in or about August 2012. These service calls to SUN/ORACLE were made using the WEX, SEVANNA, or SUMMIT credentials (and the aliases associated with them) rather than identifying to the SUN/ORACLE employee(s) that the calls were being made by a TERiX employee.

8.     It was further part of the conspiracy that, at least internally within TERiX, Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE** created and/or used a series of code names such as "Boeing," "Tank," "Snoe Wight," "James Bond," and "Plan E" to ensure that other TERiX employees and/or SUN/ORACLE did not learn of the conspiracy or the means being used in furtherance of the conspiracy.

9.  .   It was further part of the conspiracy that Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE** regularly discussed via telephone, via email, and/or in person, how WEX, SEVANNA, and SUMMIT credentials would be utilized to access SUN/ORACLE's online websites to download software—undetected—for TERiX's "research" purposes. As an example, Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE** engaged in email correspondence in or about April 2010 wherein Defendant **APPLEBY** instructed Defendant **JOYCE** to "Purchase a Boeing for WEX. Use this as a trial run," copying Defendants **OLDING** and **QUINN**.

10.     It was further a part of the conspiracy that these processes were memorialized in an internal TERiX document titled Snoe White 2 ("SNOE WIGHT"), which was created by and/or made available to Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE**.   The critical mechanics of SNOE WIGHT were created by Defendants **APPLEBY, QUINN, and/or JOYCE**. Each of Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE** had access to SNOE WIGHT and reviewed the document before its implementation by Defendants **APPLEBY, OLDING, QUINN**, and **JOYCE** and a very small number of other trusted TERiX employees.   As an

6

example, and among other details, SNOE WIGHT provided the SUN/ORACLE credentials for WEX, SEVANNA, and SUMMIT, and also indicated that those credentials were for common access when completing research for TERiX's customers.

**All in violation of Title 18, United States Code, Sections 1349, 1343, and 2.**

## FORFEITURE ALLEGATION

1.    The allegations contained in Count 1 of this Information charging wire fraud conspiracy, in violation of 18 U.S.C. § 1349, are re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    Upon conviction of the offense set forth in Count 1 of this Information, Defendants **APPLEBY, OLDING, QUINN,** and **JOYCE** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.    If any of the property described above, as a result of any act or omission of the defendants:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.

**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

*Jessica H. Kim*

**JESSICA H. KIM (0087831)**
**Assistant United States Attorney**

8