IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BERND D. APPLEBY,** | **Criminal Case No. 2:17-CR-138** |
| | **Civil Case No. 2:19-CV-5302** |
| Movant, | **Judge James L. Graham** |
| | **Magistrate Judge Chelsey M. Vascura** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On February 13, 2019, Movant, a federal prisoner, submitted a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 129.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts ("the Habeas Rules"), the Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id.* Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, the Magistrate Judge **RECOMMENDS** that the motion be **DENIED** because it is barred by the collateral attack waiver in Movant's plea agreement, fails to raise cognizable claims, and is barred by the statute of limitations.

# I. BACKGROUND

On June 23, 2017, Movant executed a plea agreement pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. (ECF No. 3.) In it, he agreed to plead guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, 1343, and 2. (ECF Nos. 3, 102.) Movant also agreed to waive his rights to appeal and to "waive[] the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255" subject to certain exceptions.[1] (ECF No. 3, at PAGE ID # 14.) In exchange, the government agreed to forgo prosecuting Movant for conduct that occurred prior to the date of the plea agreement that was part of the same course of criminal conduct described in the information. (*Id*. at PAGE ID #13–14.) The parties both agreed that if the Court accepted Movant's guilty plea, any sentence would not exceed 60 months. (*Id*. at PAGE ID # 13.)

On August 17, 2017, Movant entered a conditional plea of guilt before a United States Magistrate Judge. (ECF Nos. 30, 107.) At the plea hearing, Movant was placed under oath, and the Magistrate Judge reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea. (*Transcript Plea Proceedings*, ECF No. 107, at PAGE ID # 637, 645–46.) Movant indicated that he understood those rights and that he was willing to give them up. (*Id*. at PAGE ID # 645–46.) The Magistrate Judge also reviewed the appellate waiver. (*Id*. at PAGE ID # 644–45.) Counsel for the government subsequently clarified that the waiver included both appellate rights and the right to collaterally attack the judgment or conviction. (*Id*. at PAGE ID # 649.) Movant agreed that the terms of the plea agreement were as counsel for the government had described them. (*Id*. at PAGE ID # 652.) The Magistrate Judge asked Movant if the plea

---

[1] The waiver provision specified that it did not waive the right to raise ineffective assistance of counsel or prosecutorial misconduct claims. (ECF No. 3, at PAGE ID # 14.) The motion does not raise either of these claims as grounds for habeas relief.

was a product of his own free and voluntary act, to which he responded in the affirmative. (*Id*. at PAGE ID # 652.) Movant further denied that he had been subjected to threats or force of any kind to induce him to plead guilty. (*Id*. at PAGE ID # 653.) Movant indicated that he understood the nature and the meaning of the charge and any defenses he had to it. (*Id*. at PAGE ID # 639.) He also admitted to the elements of the conspiracy offense.

> THE COURT: . . . First of all, it's represented that you entered into an agreement among your three – yourself and three co-defendants, at least, to obtain through subterfuge the intellectual property of Oracle or Sun Systems; is that true?
>
> [MOVANT]: Yes, it is.
>
> THE COURT: All right. You were a co-owner of – how do you pronounce it – TERiX?
>
> [MOVANT]: TERiX.
>
> THE COURT: You are a co-owner of it, and CEO of TERiX?
>
> [MOVANT]: Yes.
>
> THE COURT: And this scheme that you and some or all of the other three co-defendants devised included either the creation or the fabrication of other business entities to obtain credentials in Oracle or Sun Systems; is that correct?
>
> [MOVANT]: That is essentially true, yes.
>
> THE COURT: All right. And it was in order to obtain patches that are the intellectual property of owned or held by Oracle or Sun Systems; is that true?
>
> [MOVANT]: Yes.
>
> THE COURT: And that intellectual property, after you obtained it, or after TERiX obtained it, was then sold to your customers, TERix's customers; is that correct?
>
> [MOVANT]: Not exactly sold, but, yes, provided to.
>
> THE COURT: Provided to. In exchange for what?
>
> [MOVANT]: Service contracts.
>
> THE COURT: For which TERiX was paid?

[MOVANT]: Yes, indeed.

THE COURT: Yes. Emails were used in furtherance of this scheme; is that true?

[MOVANT]: Yes.

. . .

THE COURT: Where did these – did any of this – these emails or plans or schemes, were they either planned or carried out in Dublin, Ohio?

[MOVANT]: Yes.

. . .

THE COURT: . . . Well, let me ask you this, though too. You acknowledge that you entered into a scheme or agreement with at least your three co-defendants; is that true?

[MOVANT]: Yes.

THE COURT: Anyone promise you to -- anyone force you to enter into that agreement or to take action or to have other people take action in furtherance of that agreement?

[MOVANT]: No.

THE COURT: You did it willingly?

[MOVANT]: Yes, I did.

THE COURT: Knowing that it was a scheme to defraud?

[MOVANT]: Yes, I did.

THE COURT: All right. Are you offering to plead guilty of this charge because you are in fact guilty of the offense of conspiracy to commit wire fraud?

[MOVANT]: Yes, I am.

(*Id*. at PAGE ID # 654–57.) The Magistrate Judge explained the statutory maximum penalties for conspiracy to commit wire fraud; the maximum penalties that could be imposed if the Court

accepted Movant's plea; that Movant would have the opportunity to withdraw his plea if the Court rejected it; and that he could be sentenced to the statutory maximum if the Court rejected his plea and he did not withdraw it. (*Id*. at PAGE ID # 641–44.) The Magistrate Judge subsequently issued a Report and Recommendation recommending that Movant's guilty plea be accepted. (ECF No. 39.)

On April 5, 2018, the Court accepted the Rule 11(c)(1)(c) plea agreement. (ECF No. 105.) The Court also sentenced Movant to a term of imprisonment of twenty-four months followed by a two-year term of supervised release; a one hundred thousand dollar fine; and a one-hundred dollar special assessment. (ECF No. 102.) At Movant's request, the Court, however, deferred execution of the incarceration component until after one of Movant's co-conspirators was released from incarceration or released to a halfway house. (*Transcript of Sentencing Proceedings*, ECF No. 106, at PAGE ID # 616–17; ECF No. 104.) Movant did not file an appeal.

On December 2, 2019, the Court received the instant motion, which the Court construes as a motion to vacate under § 2255. (ECF No. 129.) Although not entirely clear from the forty-seven pages of single-spaced text, it appears that Movant asks this Court to vacate his sentence because "no crime was committed." (*Id*. at PAGE ID # 806.) Specifically, Movant alleges that he "never intentionally or even accidentally infringed on [the corporate victims'] copyrights" and that he only "plead (*sic*) guilty because I had to due to financial pressure, and the fear that going to trial would expose me to a greater sentence . . . ." (*Id*. at PAGE ID # 804.) Movant further alleges that another defendant was granted summary judgment in a copyright infringement case

filed by the corporate victim in this case in the Northern District of California,[2] and that the other defendant's successful summary judgment motion in that case exonerates Movant of criminal conspiracy in this case. (*Id*. at PAGE ID # 808.) Movant also submits one hundred and seventy-nine pages of various exhibits including correspondence, license agreements, and legal memoranda, none of which appear to pre-date his April 5, 2018 conviction. (ECF No. 129–1.)

## II.     ANALYSIS

It plainly appears that Movant is not entitled to relief. First, in the plea agreement, Movant knowingly and voluntarily waived the right to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct, neither of which are alleged as grounds for relief in his motion. The United States Court of Appeals for the Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including waivers of the right to bring motions under § 2255, are generally enforceable. *See Vowell v. United States,* 938 F.3d 260, 267 (6th Cir. 2019) (explaining that "a defendant may waive his constitutional or statutory rights, including the right to appeal or attack his sentence collaterally, if the waiver is entered into 'knowingly and voluntarily'") (citing *United States v. Bradley*, 400 F3d. 459, 463 (6th Cir.), *cert denied*, 546 U.S. 862 (2005)); *Watson v. United States,* 165 F.3d 486, 489 (6th Cir. 1999) (finding that defendant's collateral attack waiver was knowing and voluntary, and thus, it barred his § 2255 motion). As long as the waiver agreement is made knowingly and voluntarily, courts will enforce it. *Watson,* 165 F.3d at 489; *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).[3]

---

[2] Movant appears to be referring to an Order issued on January 29, 2019, in *Oracle v. Hewlett Packard Enterprise Company*, Case No. 16-cv-01393-JST, Northern District of California.
[3] A knowing and voluntary waiver does not, however, bar claims asserting that the statutory maximum sentence has been exceeded. *Vowell*, 938 F.3d at 267; *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006). Movant raises no such claims.

In this case, Movant does not allege that his entry into the plea agreement, or any portion of it, was not knowing or voluntary. Instead, he claims that he only pleaded guilty because of financial pressure and because he feared that trial would expose him to a longer sentence. The precise benefit of a plea agreement for a defendant, however, is the minimization of those types of risk. Moreover, the record from the plea hearing demonstrates that Movant fully understood the terms of the plea agreement, including the waiver provision, and that he voluntarily agreed to the plea agreement. At the plea proceedings, the Magistrate Judge explained the appeal waiver. ECF No. 107, at PAGE ID # 644–45. The Magistrate Judge subsequently asked the government to summarize the plea agreement. *Id*. at PAGE ID # 647. When doing so, the prosecutor explicitly clarified that the waiver provision also waived collateral attacks, stating:

> Your Honor, as you mentioned, there is an appellate waiver in this case. In exchange for the concessions made for the U.S. Attorney's Office in this plea agreement, the defendant waives his right to appeal the sentence imposed except if the sentence imposed exceeds the statutory maximum.
>
> The defendant does not waive his right – I'm sorry – the defendant also waives his right to attack his conviction collaterally, such as by way of a motion brought under 28 U.S.C. § 2255.
>
> This waiver shall not be construed to bar a claim of ineffective assistance of counsel or prosecutorial misconduct.

*Id*. at PAGE ID # 649. The Magistrate Judge asked Movant "do you agree that the terms just outlined by the attorney for the Government, as amplified by reference to the possible order of restitution, is the plea agreement in this case?" to which he replied "Yes, it is." *Id*. at PAGE ID # 652. For these reasons, the Magistrate Judge concludes that the instant motion is barred by the collateral attack waiver in the plea agreement. *See Watson,* 165 F.3d at 489; *In re Acosta*, 480 F.3d at 422. *See also United States v. Wilson,* 438 F.3d 672, 674 (6th Cir. 2006) (explanation of the appellate waiver provision by prosecutor in summary satisfied Rule 11).

Even if the collateral attack waiver did not bar the motion, it would still plainly fail because it does not allege cognizable claims. Movant alleges that "no crime was committed." He further contends that he has been exonerated because another defendant successfully moved for summary judgment on claims of copyright infringement filed by the corporate victim in this case in the Northern District of California. The Sixth Circuit has explained, however, that apart from death-penalty cases, the United States Supreme Court "has declined to recognize a freestanding innocence claim in habeas corpus." *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) (explaining that because "the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent"). Instead, a movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). An actual innocence claim based on newly discovered evidence can excuse a procedural default and allow a movant to bring an independent constitutional claim challenging his conviction or sentence. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). But in the absence of alleged constitutional error, a "free standing innocence claim" is not cognizable in habeas proceedings. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). That is because habeas relief is available to correct constitutional violations— not errors of fact. *Herrera*, 506 U.S. at 400.

In this case, Movant does not seek habeas relief on the basis of any independent constitutional claims. Accordingly, his motion states no cognizable grounds for relief under § 2255. *See Evers v. United States*, No. 13-2690, 2017 WL 1011499, at *5 (W.D. Tenn. Mar. 14, 2017), *certificate of appealability denied*, No. 17-5419, 2017 WL 8794876 (6th Cir. Oct. 27, 2017) (a movant's "actual innocence" claim did not provide an independent basis for § 2255

relief); *Young v. United States*, No. 2:04-CR-218, 2011 WL 4348127, at *3–4 (S.D. Ohio Sept. 16, 2011), *report and recommendation adopted*, No. 2:04-CR-218, 2011 WL 5552893 (S.D. Ohio Nov. 15, 2011) (explaining that a free standing claim of actual innocence in a § 2255 motion fails to provide a basis for federal habeas corpus relief).

Moreover, Movant's claims of actual innocence are not credible. He apparently asserts that he is actually innocent because a different defendant successfully moved for summary judgment on copyright infringement claims in a California case. But the dismissal of civil copyright infringement claims against a different defendant does not constitute facts proving that Movant did not conspire to commit wire fraud. Movant admitted under oath that he willingly, and knowing that it was a scheme to defraud, entered into an agreement with his co-conspirators to obtain intellectual property that belonged to the corporate victim in this case, and that this was accomplished, in part, by creating fictitious business identities that purchased that property from the corporate victim, and that he and his co-conspirators then provided that property to others in exchange for payments for service contracts. (*Transcript*, ECF No. 107, at PAGE ID # 654–55, 57.) Movant admitted that this scheme involved the use of email. (*Id*. at PAGE ID # 655–56.) Movant indicated that he was offering to plead guilty because he was in fact guilty of conspiring to commit wire fraud. (*Id*. at PAGE ID # 657.) Nothing that has happened with the corporate victim's copyright infringement claims against another defendant in the California case impacts those facts, which constitute the elements of conspiracy to commit wire fraud in this case. In addition, none of the exhibits submitted with the motion appear to exonerate Movant, nor do they appear to be new— none appear to have been created after his April 5, 2018 conviction.

The motion is also time-barred. Movant had 14 days after judgment was entered on April 5, 2018, to file a direct appeal. *See* Fed. App. R. 4(b)(1)(A). Because he did not file a direct

appeal, the amended judgment became final when that 14–day period ended on April 19, 2018. *Harris v. United States*, No. 16–3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to 28 U.S.C § 2255(f)(1), the one-year statute of limitations to file a motion to vacate under § 2255 began to run the next day, and it expired on April 20, 2019. The motion was sent to the Court via a commercial carrier on November 29, 2019, and received by the Clerk on December 2, 2019, seven months after the deadline had already expired.

The statute of limitations is subject to equitable tolling, however, if an applicant establishes: "(1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)). The motion does not allege that Movant diligently pursued his rights or that some extraordinary circumstance stood in his way and prevented timely filing.

The statute of limitations can also be tolled if a Movant makes a credible showing of actual innocence. *See McQuiggins v. Perkins*, 569 U.S. 383, 392 (2013); *Davis v. Bradshaw*, 900 F.3d 315, 326–27 (6th Cir. 2018). As already noted, this actual-innocence exception is not a claim for relief but is, instead, a gateway through which a habeas petitioner must pass in order to obtain a merits determination on claims that have been otherwise barred. *Davis*, 900 F.3d at 326. To make such a showing, however, Movant must support his allegations of constitutional error

with new, reliable evidence that shows that it is more likely than not that no reasonable juror would have convicted him. *Id*. As also previously explained though, Movant's evidence— that another defendant successfully moved for summary judgement on copyright infringement claims— does not meet this high bar. Nor do the exhibits attached to his motion appear to be new.

## III. DISPOSITION

For these reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** and this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                             <u>/s/ *Chelsey M. Vascura*</u>
                                             **CHELSEY M. VASCURA**
                                             **UNITED STATES MAGISTRATE JUDGE**