**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BERND B. APPLEBY,**

    **Movant,**

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Criminal Case No. 2:17-CR-138
Civil Case No. 2:19-CV-5302
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On December 20, 2019, the Magistrate Judge issued a *Report and Recommendation* ("R&R") recommending that the motion to vacate under 28 U.S.C. 2255 (ECF No. 129) be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts. (ECF No. 130.) Movant filed *Objections* to that R&R. (ECF No. 131.) Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For following reasons, Petitioner's *Objections* (ECF No. 131) are **OVERRULED**. The R&R (ECF No. 130) is **ADOPTED** and **AFFIRMED**. Movant's request for a *de novo* hearing is **DENIED**. The motion to vacate sentence (ECF No. 129) is DENIED. This action is **DISMISSED**.

In his motion, which the Magistrate Judge construed as one brought under § 2255, Movant asks the Court to vacate his sentence because "no crime was committed" as he "never intentionally or accidentally infringed on the corporate victims' copyrights," and he only pleaded guilty due to financial constraints and the fear that he risked receiving a greater sentence if he proceeded to trial. (ECF No. 129.) Movant further alleges that another defendant was granted summary judgment in a civil copyright infringement case brought by the corporate victim in this

case in California, and thus, he claims that he has been exonerated of the wire fraud charges brought against him in this Court. (*Id.*)

The Magistrate Judge concluded that motion to vacate was without merit because it is barred by the collateral attack waiver in his plea agreement. That provision waived "the right to attack [Movant's] conviction or sentence collaterally such as by way of a motion brought under U.S.C. § 2255 and 18 U.S.C. § 3582" on any grounds other than ineffective assistance of counsel and prosecutorial misconduct. (ECF No. 3, at PAGE ID # 14.) The Magistrate Judge correctly noted that such waivers are enforceable when knowingly and voluntarily made; Movant did not allege that the waiver was unknowing or involuntary; and the plea hearing transcript demonstrated the knowingly and voluntarily nature of the waiver. The record supports the Magistrate Judge's assessment.

Movant objects to this conclusion on several grounds. First, he asserts that because Respondent has not joined him in making the instant motion, Respondent has engaged in prosecutorial misconduct. (ECF No. 131, at PAGE ID # 1044.) This objection is without merit. In general, prosecutorial misconduct consists of behavior that oversteps the bounds of "propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense." *Berger v. United States*, 295 U.S, 78, 84 (1935). Prosecutorial misconduct occurs when a defendant is deprived of his due process right to a fundamentally fair proceeding because a prosecutor has flagrantly engaged in improper acts such as misrepresenting evidence, encouraging witnesses to be deceitful, or engaging in threats or intimidation. Movant does not allege, however, that the prosecution engaged in any such acts during the prior or current proceedings.

Movant also objects to the Magistrate Judge's conclusion that the waiver was knowing and voluntary. He contends that he could not knowingly agree to waive his collateral attack rights because he did not know that he would be exonerated by the outcome of the summary judgment motion in the California copyright infringement case.[1] (ECF No. 131, at PAGE ID # 1044.) This objection is also without merit. Movant's conviction in this matter was not predicated upon the outcome of the civil copyright infringement claims brought in California. Rather, Movant's plea agreement was predicated upon his admission to the elements of the conspiracy to commit wire fraud offense that was charged in this Court. Specifically, Movant admitted that he and his co-defendants conspired to create fictitious entities that obtained intellectual property from the corporate victim in this case which they then provided to other parties in exchange for service contracts; they knew that constituted a scheme to defraud; and they used emails to facilitate that scheme. (*Transcript*, ECF No. 107, at PAGE ID # 654–57; *see also Plea Agreement*, ECF 3, at PAGE ID # 17–24.) Those admissions, made under oath, remain undisturbed even if Movant did not know what the future portended in the California copyright infringement case. Moreover, a plea agreement is intelligently made if a criminal defendant receives "real notice of the true nature of the charges against him." *Bousely v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 341 (1941)). The plea transcript

---

[1] In the California case, Hewlett Packard successfully moved for summary judgment on indirect copyright infringement claims brought against it by a corporate victim in this case, Oracle, based on allegations that Movant's company, TERiX, had engaged in direct infringement of Oracle's copyrights. *See Oracle v. Hewlett Packard Enter. Co.*, Case No. 16-cv-01393-JST, Northern District of California, January 29, 2019, *Order*. Those claims did not survive summary judgment because Oracle did not produce evidence that TERiX, which had a license to download Oracle's software, installed that software to servers that were not covered by a service contract. That finding does not, however, exonerate Movant from the elements of the wire fraud offense to which he admitted in this case.

reflects that Movant understood the nature of the charges brought against him, the consequences he faced, the rights he would give up, and the plea agreement terms, including the collateral attack waiver provision.  (ECF No. 107, at PAGE ID # 639, 641–52.)  Accordingly, Movant does not demonstrate that he did not knowingly agree to the waiver.

Movant additionally contends that his waiver was not voluntary because it is "well-known" that "the Government is willing to punish anyone who dares to seek a trial of his peers." (ECF No. 131, at PAGE Id # 1044.)  This objection is without merit.  A plea agreement is voluntary if it is made free of threats or unauthorized promises.  *Brady v. United States*, 397 U.S. 742, 755–56 (1970).  Although Movant asserts that the Government is generally known for punishing defendants who reject plea agreements, he does not allege that Respondent threatened him with repercussions if he rejected the plea agreement in this case.  Indeed, at the plea hearing, Movant specifically agreed, under oath, that he had not been subjected to threats or force of any kind to induce him to plead guilty.  (*Id*. at PAGE ID # 653.)  In addition, Movant agreed that no one, including any officer or agent of the Government or any lawyers in this case, made any promises to him that were not contained in the plea agreement.  (*Id*. at PAGE ID # 652.)

Movant also contends that his plea was not voluntary because given his advanced age, he feared that he would lose "most of his remaining life" if he did not accept the plea agreement. (ECF No. 131, at PAGE ID # 1044.)  As the Magistrate Judge explained, however, plea agreements involve the allocation of risk.  A plea agreement is not rendered involuntary simply because a defendant chooses certainty instead of uncertainty or chooses to minimize the risks of going to trial.  *See Brady*, 397 U.S. at 751 ("We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of

4

possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.")  This objection is without merit.

In addition to finding that the motion was barred by the collateral attack waiver, the Magistrate Judge concluded that the motion was time-barred because it was filed after the one-year statute of limitations had expired on April 20, 2019, and that equitable tolling of that deadline was not warranted.  The Magistrate Judge further concluded that Movant's actual innocence claims did not toll that April 20, 2019 deadline.  The Magistrate explained that even though the statute of limitations can be tolled if an applicant makes a credible showing of actual innocence with new evidence, Movant did not produce new evidence.  Rather, all of the exhibits Movant submitted pre-date his April 5, 2018 conviction.  (ECF No. 129–1.)  Moreover, the Magistrate Judge concluded that the summary judgment ruling in the California copyright infringement case did not constitute new evidence of Movant's innocence of wire fraud in this case.  Although he had notice and opportunity to do so, Movant has not objected to the Magistrate Judge's timeliness analysis.  The Court has reviewed the Magistrate Judge's timeliness analysis and finds that it is correct—the motion is also time-barred.

The Magistrate Judge also concluded that the motion to vacate was barred because it did not state a cognizable claim.  Because the motion is barred by the collateral attack waiver and the statute of limitations, the Court need not reach this additional conclusion.

In his *Objections*, Movant also argues that the Court should modify his sentence pursuant to the First Step Act of 2018 ("FSA"). P.L. 115–391.  Specifically, he contends that the Court has the authority to "correct" his sentence under the FSA and that he is a good candidate for home confinement given his criminal history, his age, and his family members' medical issues.  Nevertheless, a number of district courts have concluded that 18 U.S.C. § 3582(c)(1)(B) is the

proper vehicle for claims made under the FSA. *See*, *e.g.*, *United States v. Boulding*, 379 F.Supp.3d 646, 654 (W.D. Mich. 2019) ("The Court's authority to impose a modified sentence under the [FSA] is rooted in 18 U.S.C. § 3582(c)(1)(B)."); *United States v. Delaney*, No. 6:08-cr-12, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the [FSA] are governed by 18 U.S.C. § 3582(c)(1)(B) . . . ."); *United States v. Kamber*, No. 09-cr-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (determining that the FSA "can serve as a basis for relief under § 3582(c)(1)(B)"). For this reason, the Court concludes that Movant's attempts to modify his sentence are not properly brought in a motion to vacate under § 2255.

Last, in his *Objections*, Movant asks the Court to grant him a *de novo* hearing. The Court finds that no evidentiary hearing is required because the files and records adequately demonstrate that Movant is not entitled to relief. *See Brown v. United States*, 208 F.3d 212 (6th Cir. 2000); *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 2008) (internal quotation marks omitted)) ("[W]here the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts, no hearing is necessary.").

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). When a claim has been denied on the merits, a COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a COA may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

Here, the Court finds that reasonable jurists would not debate that the Court's determination that the motion to vacate is barred by the collateral attack waiver and the statute of limitations and that his FSA claims are governed by § 3582(c)(1)(B) instead of § 2255.  Therefore, the Court **DECLINES** to issue a COA.

The Court further **CERTIFIES** that an appeal would not be in good faith and that any application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

**Date:**  April 16, 2020                                                        */s/ James L. Graham*_____
                                                                                                           **JAMES L. GRAHAM**
                                                                                                           **United States District Judge**