# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:17-CR-138(1)** |
| **Plaintiff,** | |
| **v.** | **JUDGE JAMES L. GRAHAM** |
| **BERND D. APPLEBY** | |
| **Defendant.** | |

## GOVERNMENT'S RESPONSE TO DEFENDANT BERND APPLEBY'S MOTION FOR COMPASSIONATE RELEASE

The United States, by and through undersigned counsel, hereby submits the following response to Defendant Bernd Appleby's motion for compassionate release.  For the reasons set forth below, the motion should be denied because the Court lacks the authority to grant the relief that the defendant is seeking.

## MEMORANDUM IN SUPPORT

### I.      Procedural Background

On August 16, 2017, Bernd Appleby entered a plea of guilty to Count One of the Information, which charged him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  (Docs. #1 and #22.)  Mr. Appleby's guilty plea was consistent with the terms of the plea agreement in which with United States and the defendant entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  (*See* Doc. #3.)  In pleading guilty, the defendant admitted that over a period of years, he and his co-conspirators agreed to fraudulently obtain intellectual property worth millions of dollars to enrich themselves and their company.  (*Id.*)

1

On April 5, 2018, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement.  (Doc. #105.)  On that same day, Mr. Appleby appeared for sentencing.  (Doc. #100.)  The Court imposed a sentence of 24 months of imprisonment, two years of supervised release, and a fine of $100,000.  (Doc. #102.)

On September 9, 2019, Mr. Appleby sent the Court a letter requesting that his sentence be reduced.  (Doc. #125.)  The Court construed the defendant's request as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and denied the motion, concluding that the requirements of the statute had not been satisfied.  (Doc. #126.)  In reaching this decision, the Court found that the Director of the Bureau of Prisons (BOP) had not filed a motion for reduction of Mr. Appleby's sentence and the defendant had not fully exhausted his administrative remedies.  (*Id.*)

On April 9, 2020, Mr. Appleby filed a second motion for compassionate release.  (Doc. #135.)[1]  In his motion, the defendant requests his "immediate release to home confinement in light of the COVID-19 pandemic."  (*Id.* at PAGEID # 1058.)  Because the defendant's motion fails to satisfy the statutory requirements for compassionate release, it should be denied.  To the extent that Mr. Appleby is asking this Court to order the BOP to change his place of confinement, the motion should similarly be denied.

---

[1] Between the filing of the first and second motions for compassionate release, Mr. Appleby filed a motion to vacate his sentence under 28 U.S.C. § 2255.  (Doc. #129.)  On December 20, 2019, Magistrate Judge Vascura issued a Report and Recommendation (R&R) recommending that the motion be denied.  (Doc. #130.)  On April 16, 2020, this Court issued an order adopting and affirming the R&R, dismissing the defendant's motion to vacate, and declining to issue a certificate of appealability.  (Doc. #137.)

## II.     Argument

### A.     The Court Lacks Jurisdiction to Grant the Defendant's Motion for Compassionate Release.

A district court generally cannot reduce or modify a sentence of imprisonment once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3582(b); *see Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.").  In his motion, Mr. Appleby appears to be seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Mr. Appleby's motion for compassionate release should be denied because this Court lacks authority to act on the defendant's motion at this time.  Under the relevant statute, the Court "***may not*** modify a term of imprisonment" based on a defendant's motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  This restriction is mandatory and jurisdictional.  As the Third Circuit recently confirmed, where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point."  *United States v. Raia*, -- F.3d --, 2020 U.S. App. LEXIS 10582, at *5-6 (3d Cir. Apr. 2, 2020).  Other courts have similarly emphasized the significance of this statutory requirement. *See*, *e.g.*, *United States v. Epstein*, No. 14-287, 2020 U.S. Dist. LEXIS 62833, at *10 (D.N.J. Apr. 9, 2020) (applying *Raia* to motion for compassionate release based on fear of COVID-19 and concluding that exhaustion requirement in section 3582(c)(1)(A) is not subject to judicially created exceptions); *United States v. Eberhart,* No. 13-CR-00313, 2020 U.S. Dist. LEXIS 51909,

at *4 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief [based on COVID-19] under § 3582(c)(1)(A)(i).").

For an inmate seeking a reduction or modification of his sentence, compliance with the statutory requirements of section 3582(c)(1)(A) is not voluntary. Although judicially created prudential exhaustion requirements may in some circumstances be excused or waived, courts may not ignore or excuse exhaustion requirements mandated by statute. *Cf. Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (holding that mandatory language of Prison Litigation Reform Act's exhaustion requirement could not be excused, even based on special circumstances). This is true even where, as here, the request for release is made in the context of a national crisis. *See United States v. Alam*, No. 15-20351, 2020 U.S. Dist. LEXIS 61588, at *6 (E.D. Mich. Apr. 8, 2020) ("[M]any other courts around the county have also concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that ***the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic***.") (collecting cases) (emphasis added). As such, a district court lacks authority to grant compassionate release pursuant to section 3582(c)(1)(A) unless and until the statutory exhaustion requirement is satisfied.

The statutory requirement that the BOP have the opportunity to address such requests in the first instance serves important functions. The BOP conducts an extensive assessment for all compassionate release requests. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP's review, based on its expertise concerning both the inmate and the conditions of confinement, will always be of value to the Court. That is certainly true during the present crisis, as the BOP is

4

best positioned to assess the many relevant factors, including risks to the defendant in his current

placement, risks to the community from release, existence of an appropriate release plan, and

needs for pre-release quarantine.  The BOP may also consider its recently broadened authority to

move prisoners into home confinement.  *See* Section 12003(b)(2) of the Coronavirus Aid, Relief,

and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted March 27, 2020.  At

the same time, the BOP continues to implement an extensive and evolving array of measures to

protect the health of the inmates in its charge.  *See* www.bop.gov/coronavirus/; *see also Raia*,

2020 U.S. App. LEXIS 10582, at *6 ("[T]he mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify

compassionate release, especially considering BOP's statutory role, and its extensive and

professional efforts to curtail the virus's spread.").

In this case, Mr. Appleby offers no evidence that his request for release has been

presented to the BOP, nor does he claim that the exhaustion requirement has been satisfied.

Therefore, the instant motion for compassionate release should be denied, without prejudice to

the defendant filing a later motion with this Court demonstrating satisfaction of the statutory

exhaustion requirement.

**B.      The Court Lacks the Authority to Order that the Defendant be Released to
Home Confinement.**

Mr. Appleby's request that he be immediately released to home confinement fails to clear

a second jurisdictional hurdle.  It is well established that a district court lacks the authority to

determine where an inmate is confined.  Under federal law, "[t]he Bureau of Prisons shall

designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  Courts have

repeatedly stated that the BOP alone has this authority.  *See*, *e.g.*, *United States v. Townsend*, 631

Fed. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the

place of a prisoner's imprisonment."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir.

2011) ("While a district court judge has wide discretion in determining the length and type of

sentence, the court has no jurisdiction to select the place where the sentence will be served.

Authority to determine place of confinement resides in the executive branch of government and

is delegated to the Bureau of Prisons.") (citation omitted); *United States v. Jalili*, 925 F.2d 889,

892 (6th Cir. 1991) ("Section 3621(b) gives the Bureau of Prisons the power to designate the

place of confinement for anyone sentenced to a term of imprisonment."). Put simply, the BOP

"has the sole discretionary authority to designate an inmate's federal place of imprisonment."

*Baldwin v. Warden, Madison Corr. Inst.*, No. 1:17-CV-686, 2018 U.S. Dist. LEXIS 131725, at

*5 (S.D. Ohio. Aug. 6, 2018).

Under section 3621(b), this Court is not empowered to order that Mr. Appleby be

transferred to home confinement. Instead, "the authority to make this determination is squarely

allocated to the Attorney General, under whose authority is the Bureau of Prisons." *United

States v. Doshi*, No. 13-CR-20349, 2020 U.S. Dist. LEXIS 55572, at *2 (E.D. Mich. Mar. 31,

2020); *see United States v. Miller*, No. 16-20222-1, 2020 U.S. Dist. LEXIS 62421, at *4 (E.D.

Mich. Apr. 9, 2020) ("[T]his Court and others have recognized that the authority to place a

prisoner in home confinement is given to the BOP, through Attorney General delegation[.]"). At

most, this Court could make a non-binding recommendation to the BOP. In this case, the Court

should not issue such a recommendation, but instead should defer to the BOP's institutional

knowledge and expertise regarding the defendant's medical condition, the conditions at the

facility at which he is being housed, and "decisions as to which prisoners should be released

because of the COVID-19 epidemic." *United States v. Garza*, No. 18-CR-1745, 2020 U.S. Dist.

LEXIS 54228, at *3-4 (S.D. Cal. Mar. 27, 2020) (denying defendant's motion for immediate

release due to COVID-19 and refusing to recommend that BOP move defendant to home confinement).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the defendant's motion for compassionate release be denied.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office:  (614) 469-5715
E-mail:  Brian.Martinez2@usdoj.gov



## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response to Defendant Bernd Appleby's Motion for Compassionate Release was served this 16th day of April 2020, by regular U.S. Mail, to Bernd D. Appleby (#76965-061), Lompoc Correctional Institution, 3705 W. Farm Road, Lompoc, CA 93436.

s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney