```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America

    v.                                    Case No. 2:17-cr-138-1

Bernd D. Appleby

<u>ORDER</u>

By judgment entered on April 5, 2018, defendant was sentenced to a term of incarceration of twenty-four months on Count 1 of the information. On September 9, 2019, the court received a letter from the defendant requesting a reduction of his sentence, which was docketed as a motion for reduction of sentence under 18 U.S.C. §3582(c)(1)(A). By order dated September 10, 2020, the court denied the motion because defendant had not shown that he had exhausted his prison administrative remedies. This matter is now before the court on defendant's April 9, 2020, motion for release from detention based on the COVID-19 pandemic. The government opposes the motion.

Under §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to file such a motion on a defendant's behalf. Specifically, the district court has authority to rule on a motion of the defendant

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

§3582(c)(1)(A). If the defendant's administrative remedies have

been exhausted, the defendant can file a motion with the court seeking a reduction of a term of incarceration based on extraordinary and compelling reasons for the reduction. §3582(c)(1)(A)(i).

This court cannot rule on defendant's request for a reduction of sentence under subsection (i) because no motion for a reduction of sentence has been filed by the Director of the Bureau of Prisons, and because defendant has not alleged or shown that he has exhausted his administrative remedies as required under §3582(c)(1)(A). See Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, *2 (E.D.Tenn. May 2, 2019). As the government notes, many courts have held that the exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). This court agrees with the reasoning of these courts. Defendant must first exhaust his prison administrative remedies before filing a motion for reduction of sentence under §3582(c)(1)(A), be it due to COVID-19 concerns, his other health conditions, and any family circumstances.

Defendant also requests that he be permitted to serve the remainder of his sentence on home confinement. The government correctly notes that this court cannot order the Bureau of Prisons to permit defendant to serve the remainder of his sentence on home confinement. It is the Bureau of Prisons, not this court, which

has the authority to designate the pace of a prisoner's imprisonment. 18 U.S.C. §3621(b); <u>United States v. Townsend</u>, 631 F. App'x 373, 378 (6th Cir. 2015).

For the foregoing reasons, defendant's request for a reduction in his term of incarceration is denied without prejudice due to his failure to exhaust his administrative remedies.

Date: April 20, 2020            s/James L. Graham
                                James L. Graham
                                United States District Judge