**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:17-CR-138(1)** |
| **Plaintiff,** | |
| **v.** | **JUDGE JAMES L. GRAHAM** |
| **BERND D. APPLEBY** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT BERND APPLEBY'S**
**MOTION FOR RECONSIDERATION**

The United States, by and through undersigned counsel, hereby submits the following response to Defendant Bernd Appleby's motion for reconsideration of the Court's order denying his motion for compassionate release. For the reasons set forth below, the motion for reconsideration should be denied.

**MEMORANDUM IN SUPPORT**

## I.     Factual and Procedural Background

Bernd Appleby is serving a 24-month sentence after pleading guilty to conspiracy to commit wire fraud and admitting to fraudulently obtaining intellectual property worth millions of dollars over a period of years. Mr. Appleby is incarcerated at Federal Correctional Institution (FCI) Lompoc, a low security federal facility in Lompoc, California. He is scheduled to be released on February 14, 2021.

Since arriving at FCI Lompoc, Mr. Appleby has twice moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The defendant filed his first motion on September 9, 2019.

1

(Doc. #125.)  In denying the motion, the Court found that the Director of the Bureau of Prisons (BOP) had not filed a motion for reduction of Mr. Appleby's sentence and the defendant had not fully exhausted his administrative remedies.  (Doc. #126.)

On April 9, 2020, Mr. Appleby filed a second motion for compassionate release.  (Doc. #135.)  In his motion, the defendant requested his "immediate release to home confinement in light of the COVID-19 pandemic."  (*Id.* at PAGEID # 1058.)  On April 20, 2020, the Court denied the motion, again finding that the defendant failed to satisfy the administrative exhaustion requirement.  (Doc. #141.)  The Court further noted that it did not otherwise have authority to order the BOP to transfer the defendant to home confinement.  (*Id.*)

On April 30, 2020, Mr. Appleby filed a document that the Court has construed as a motion for reconsideration.  (Doc. #142.)  In his motion for reconsideration, the defendant argues that he did exhaust his administrative remedies prior to filing his second motion for compassionate release.  To support this allegation, Mr. Appleby attached a "Sentence Moderation Request" that he sent to Warden Martinez on or about September 14, 2019.  (*Id.* at PAGEID # 1084.)  In that document, the defendant requested that his sentence be modified to "time served (home confinement)" because, in his view, the outcome of a civil lawsuit between Oracle and Hewlett-Packard somehow mitigated his criminal conduct.  (*Id.*)  On or about September 23, 2019, the BOP denied Mr. Appleby's request, concluding that he had "not presented any evidence or facts that would qualify [him] for home confinement . . . or for a reduction in sentence."  (*Id.* at PAGEID # 1086.)  On or about September 24, 2019, Mr. Appleby submitted an "Addendum" to his "Sentence Moderation Request."  (*Id.* at PAGEID # 1085.)  In that document, the defendant again referred to the civil lawsuit between Oracle and Hewlett-Packard, this time quoting language from a federal district court's summary judgment order that

he believed constituted "new and exculpatory material findings of fact that are directly related to [his] case and influenced the length of [his] sentence." (*Id.*)

Nothing that Mr. Appleby has said or submitted in connection with his motion for reconsideration should disturb the Court's order denying his motion for compassionate release. Importantly, none of the documents that the defendant has provided – not the "Sentence Moderation Request," not the "Addendum," and not the BOP's denial of his request – mention COVID-19 or the ongoing pandemic. Thus, consistent with this Court's recent decision in *United States v. Dougherty*, No. 2:18-CR-229-2, 2020 U.S. Dist. LEXIS 68725 (S.D. Ohio Apr. 20, 2020) (Graham, J.), the defendant has not exhausted his administrative remedies with respect to the claim presented in his motion for compassionate release.

## II.    Argument

The principle of exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted). The exhaustion requirement in section 3582(c)(1)(A) is intended "to give the BOP an opportunity to address the issue" before the prisoner files a claim in federal court. *United States v. Valenta*, No. 15-161, 2020 U.S. Dist. LEXIS 60770, at *2 (W.D. Pa. Apr. 7, 2020). Thus, a defendant must exhaust his administrative remedies with respect to the specific claim presented in a motion for compassionate release.

In the context of the current pandemic, an inmate who makes a pre-COVID-19 request to the warden must present a new request to satisfy the exhaustion requirement with respect to any claim based on COVID-19. *See United States v. Mogavero*, No. 2:15-CR-00074, 2020 U.S. Dist. LEXIS 64623, at *4 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate

to present the same factual basis for the compassionate release request to the warden."); *Valenta*, 2020 U.S. Dist. LEXIS 60770, at *2 ("To properly exhaust administrative remedies . . . the administrative complaint must raise the same claims asserted in the federal court filing."). Because the claim that Mr. Appleby presented to the BOP in September 2019 is completely different than the claim he made in his most recent motion for compassionate release, he has not satisfied the administrative exhaustion requirement.

Comparing the documents generated during the BOP's administrative review to the substance of Mr. Appleby's motion for compassionate release makes the point. The defendant's "Sentence Moderation Request" and "Addendum," which were written and submitted to the BOP ***more than four months before the pandemic began***, say nothing about COVID-19. (*See* Doc. #142 at PAGEID # 1084-1085.) Instead, those documents focus exclusively on the civil litigation between Oracle and Hewlett-Packard and Mr. Appleby's misguided belief that the summary judgment ruling in that case somehow warrants a reduction in his sentence. (*See id.*) The BOP's response, which was also issued ***more than four month before*** the pandemic began, similarly makes no reference to COVID-19. (*See id.* at PAGEID #1086.) The reason is simple: At the time Mr. Appleby made his administrative request, there was no pandemic, so he did not raise the issue and the BOP was not able to address it.

In contrast, Mr. Appleby's motion for compassionate release focuses on COVID-19 and the risks that the virus allegedly poses for him. The defendant's filing is entitled, "Motion for Release from Detention Based on the COVID-19 Pandemic." (Doc. #135.) In that motion, the defendant asserts that he has "documented health conditions that put [him] especially at risk to COVID-19," that FCI Lompoc is a "BOP designated 'hot spot' because of the outbreak of COVID-19 among inmates and staff," and that "[s]ocial distancing is impossible." (*Id.*)

While Mr. Appleby may have exhausted his administrative remedies with respect to his claim regarding the civil lawsuit between Oracle and Hewlett-Packard, his motion for compassionate release presents a new claim based on COVID-19 that the BOP never had the opportunity to address.  This is fatal to the defendant's motion, because "the administrative exhaustion of an initial request for compassionate release" does not "discharge that requirement for subsequent requests based on different evidence and argument."  *United States v. Jenkins*, No. 4:15-CR-3079, 2020 U.S. Dist. LEXIS 69512, at *1-2 (D. Neb. Apr. 14, 2020).

In *Dougherty*, this Court concluded that a defendant who sought compassionate release due to the COVID-19 pandemic and her health problems failed to exhaust her administrative remedies because her request for release "was received by the warden prior to the outbreak of the COVID-19 epidemic in the United States" and "the warden's letter [made] no reference to COVID-19."  *Dougherty*, 2020 U.S. Dist. LEXIS 68725, at *3.  Other district courts considering COVID-19-related requests have denied motions for compassionate release on this basis.  *See United States v. Mollica*, No. 2:14-CR-329, 2020 U.S. Dist. LEXIS 68785, at *16 (N.D. Ala. Apr. 20, 2020) (denying motion for compassionate relief where defendant "properly pursued administrative relief . . . based on her transabdominal mesh and fibroid, [but] provided no indication that she exhausted her administrative remedies regarding her complaint about COVID-19"); *Mogavero*, 2020 U.S. Dist. LEXIS 64623, at *4 (denying motion for compassionate release that was "based on cancer plus COVID-19 exposure risks – and not merely [defendant's] cancer diagnosis – [because] this new calculus was not presented to the warden"); *Valenta*, 2020 U.S. Dist. LEXIS 60770, at *2 (concluding that defendant "failed to exhaust his administrative remedies regarding the COVID-19 virus" because he "made no specific reference to COVID-19 in his request and the BOP did not consider his request for

5

release based on COVID-19"); *Jenkins*, 2020 U.S. Dist. LEXIS 69512, at *1 (denying motion for compassionate release that cited COVID-19 pandemic as basis for relief because there was "no indication that the defendant has exhausted his administrative remedies with respect to that claim").  "Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the [BOP] first."  *Jenkins*, 2020 U.S. Dist. LEXIS 69512, at *2.

As this Court explained less than three weeks ago, Mr. Appleby "was required to submit a request to the warden . . . based on the circumstances discussed in [his compassionate release] motion."  *Dougherty*, 2020 U.S. Dist. LEXIS 68725, at *4.  Because the defendant failed to take this critical step, he has not satisfied the administrative exhaustion requirement in section 3582(c)(1)(A).  Therefore, his motion for reconsideration should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's motion for reconsideration be denied.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office:  (614) 469-5715
E-mail:  Brian.Martinez2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Defendant Bernd Appleby's

Motion for Reconsideration was served this 6th day of May 2020, by regular U.S. Mail, to Bernd

D. Appleby (#76965-061), Federal Correctional Institution Lompoc, 3705 W. Farm Road,

Lompoc, CA 93436.

s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
