IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

   v.                                Case No. 2:17-cr-138-1

Bernd D. Appleby

ORDER

     By judgment entered on April 5, 2018, defendant was sentenced to a term of incarceration of twenty-four months on Count 1 of the information. On September 9, 2019, the court received a letter from the defendant requesting a reduction of his sentence, which was docketed as a motion for reduction of sentence under 18 U.S.C. §3582(c)(1)(A). By order dated September 10, 2020, the court denied the motion because defendant had not shown that he had exhausted his prison administrative remedies. On April 9, 2020, defendant filed another motion for release from detention based on the COVID-19 pandemic. On April 20, 2020, the motion was denied without prejudice due to defendant's failure to exhaust his administrative remedies as required under §3582(c)(1)(A). On April 30, 2020, defendant filed a reply to the government's response in opposition to the motion. By order dated May 1, 2020, the court indicated that it would address the reply as a motion for reconsideration and directed the government to respond. The government has filed a response in opposition to the motion.

     Before defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under 18 U.S.C. §3582(c)(1)(A)(i) in the district court, the defendant must first ask the warden to file a motion for a reduction in sentence on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before

filing a motion in district court.  If, on the other hand, the defendant presents her request to the warden and receives no response within thirty days, he may then file a motion in the district court.  See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).

The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic.  See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

Defendant contends that he exhausted his administrative remedies.  He has attached requests dated September 14, 2019, and September 24, 2019, which he allegedly submitted to the warden.  In these requests, he asked for a reduction of sentence to time served or home confinement, expressing his doubts concerning whether he was guilty of wire fraud in light of the fact that Oracle America, Inc., the victim of the fraud, was unsuccessful in its civil action against another company.  These requests did not address the grounds for a reduction in sentence raised by defendant's April 9, 2020, motion, specifically, his health concerns in light of the COVID-19 epidemic, his wife's health, and her responsibilities as caretaker for their great nephew.  Defendant must first exhaust his prison administrative remedies before filing a motion for reduction of sentence under §3582(c)(1)(A)(i), be it due to COVID-19

concerns, his other health conditions, and any family circumstances.

For the foregoing reasons, the court denies defendant's motion for reconsideration of this court's prior order denying his motion for a reduction in his term of incarceration §3582(c)(1)(A)(i) without prejudice due to his failure to exhaust his administrative remedies. The court will entertain a renewed motion from the defendant if and when additional materials in support of the motion are available.

Defendant does not contest this court's finding that it lacked authority to order the Bureau of Prisons ("BOP") to release him on home confinement. Doc. 142, p. 2. However, the court notes that defendant may be eligible for release on home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), §12003(b)(2), which authorizes the BOP, within its sole discretion, to lengthen the maximum amount of time for which the BOP could otherwise place a prisoner on home confinement under 18 U.S.C. §3624(c)(2). Defendant may also qualify for release on home detention, at the sole discretion of the BOP, under the pilot program authorized by the First Step Act of 2018, §603, codified in 34 U.S.C. §60541(g), which applies to eligible elderly offenders who have served two-thirds of their terms of imprisonment. Counsel are directed to investigate whether the authorities at Lompoc Prison Camp are considering defendant for either of these programs.

Date: May 7, 2020               s/James L. Graham
                                            James L. Graham
                                            United States District Judge